UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. HALL, | ) | Case No. 1:04 CV 52 |
| | ) | |
| Petitioner, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| JESSE WILLIAMS, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner David E. Hall (hereinafter "Hall") was convicted on October 30, 1995 following a plea agreement on charges of rape, possession of criminal tools and drug abuse. He was sentenced to an indeterminate range of 8 to 25 years on the rape conviction and the remaining two convictions received concurrent 18-month sentences. Because the convictions arose in two different cases and because Hall did not take simultaneous action with respect to them both at any given time, it is necessary to go into some detail on the history of the state court procedures in this matter.

In May 1995 Hall was indicted in Case No. CR-326967 on one count of complicity in rape involving an adult male.[1] His motion to suppress the videocassette was denied, and followed by Hall's plea agreement. In the second case, assigned Case No. CR-328030, Hall was charged with one count of drug trafficking, one count of drug abuse, one count of possession of criminal items and one count of having a weapon under disability. In this latter case, Hall was specifically indicted

---

[1] The State's case was based on a videocassette recording of the rape and the State claimed Hal was the person holding the camera and could be heard on the tape encouraging the act of rape (Mem. of Law Ex. B1). Consequently Hall's argument that he did not appear on camera, was irrelevant.

1:04 CV 0052                                                2

for possession of criminal items, consisting of "money, firearms, scanner, cellular phone and automobile" (Ex. B-2, Respondent's Exhibit ECF #13).[2]  These items were forfeited as part of the plea agreement.  Following a rather convoluted series of appeals to the state courts and a prior federal habeas corpus petition, Hall has returned filing a new case again seeking to overturn his state convictions under 28 U.S.C. §2254.

In Hall's prior federal application for habeas corpus under 28 U.S.C. §2254 (Case No. 1:00 CV 2679, *Hall v. Haviland)*, the case was initially summarily dismissed by Judge Manos, but dismissal was reversed in 36 F. Appx. 788 (6th Cir. March 21, 2002).  Following remand and return of the matter to the district court, the case was referred to the undersigned for report and recommendation.  Respondent had argued dismissal of the case on the basis of procedural default. After review of the record, however, the undersigned found that Hall had not exhausted his state remedies with respect to the claim that his guilty pleas were not knowingly and intelligently entered because state procedures under Ohio Rule Crim. P. 32.1 remained available.  Accordingly, it was recommended that a stay pursuant to *Hargrove v. Brigano*, 300 F.2d 717 (6th Cir. 2002) of the one-year limitations found in 28 U.S.C. §2244(d)(1) be put into place to toll the statute of limitations on condition that Hall pursue his state remedies within 30 days of the court's order and return to federal court within 30 days of exhausting his state remedies in the event Hall deemed it necessary to resume federal habeas corpus proceedings.  This recommendation became the order of the district court on March 6, 2003 (ECF #26).

---

[2] Unless otherwise identified, the references are to Exhibits A through B2 accompanying Respondent's answer in ECF #13.

1:04 CV 0052                                            3

Within 30 days of the district's courts order, Hall returned to the state trial court on motion to withdraw his guilty pleas in both state criminal cases (Ex. F1). The motion was denied and his appeal was dismissed for untimeliness and failure to cause the record to be filed within 20 days of the appeal (Ex. G1-N1). Hall moved for reconsideration but reconsideration was denied (Ex. O1-S1). On July 15, 2003 Hall made a second attempt to appeal the denial of the motion to withdraw guilty plea by requesting leave for delayed appeal (Ex. U1). This request for delayed appeal was only from the denial of the motion to withdraw his guilty plea in criminal case number CR-326967, the rape conviction. On August 11, 2003, the court of appeals denied Hall's motion for leave to file delayed appeal and *sua sponte* dismissed the appeal (Ex. V1-X1).

Following this, Hall filed a delayed appeal to the Ohio Supreme Court on September 26, 2003, referencing only the appeal of the motion to withdraw the rape conviction. (Appellate case number CA-82747) (See Ex. Y1-A2). On November 19, 2003 the Ohio Supreme Court denied Hall's motion for delayed appeal and dismissed the case. *Id.* As a result, Hall's state appellate efforts ultimately failed. What Hall did achieve was filing a motion to withdraw his guilty plea with respect to the rape conviction, prosecuting an untimely appeal, seeking leave to file delayed appeal from this conviction and seeking leave to file delayed appeal before the Ohio Supreme Court, limited to the rape conviction.[3]

---

[3] Perhaps in the scheme of things Hall believed that since he had already served nearly eight years in jail appealing of the concurrent 18-month sentences had become irrelevant.

1:04 CV 0052                                                    4

Hall filed a new application and instigated this second §2254 case on January 12, 2004 rather than filing to reopen the stay granted in his previous habeas petition (Case No. 1:00 CV 2679). Respondent concedes that according to the application date of December 16, 2003, the second petition is a timely reopening under the prison mailbox rule from *Houston v. Lack*, 487 U.S. 266 (1988). Consequently Hall is once again before the federal district court seeking federal habeas corpus review under 28 U.S.C. §2254 as a prisoner in state custody maintaining that his incarceration is unconstitutional due to:

1. Unintelligently made and induced guilty pleas;

2. Unlawful forfeiture of property seized from his residence;

3. Ineffective assistance of trial counsel;

4. Denial of appellate counsel at the first appeal as of right.

Respondent again argues that review of Hall's petition is barred under the doctrine of procedural default. Again, the undersigned must disagree and recommends stay subject to reopening upon exhaustion of an available state remedy.

In what was identified as his third ground in his first habeas corpus petition (Case No. 1:00 CV 2679), and now his fourth ground in the current case, Hall had argued *pro se* that there was a "denial of right to effective appeal with right to appellate counsel." (See 1:00 CV 2679 ECF #1-1 at pg. 6). In the body of his brief at page 6-B in the prior application, he stated he was denied the right to appellate counsel where trial court appointed appellate counsel to represent him on direct appeal and "that lawyer was somehow removed from representing Petitioner by failing to timely file

1:04 CV 0052                                5

his notice of appeal and such appeal was dismissed." He goes on to state that because of this he was forced to file his own second direct appeal and counsel was not reappointed to aid him in this.

This argument is mirrored in the current fourth ground of denial of right to appellate counsel on the first direct appeal. From what the undersigned has been able to piece together from the records provided by respondent and Hall himself, the trial court appointed Deanna Robertson to represent him on appeal. Ms. Robertson however did not file the notice of appeal timely and appeal was dismissed on May 5, 1996 (See Ex. E-F). The facts show that this situation went well beyond the question of whether or not appellate counsel should have filed an appeal. Compare *Roe v. Florez-Artega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 983 (2000). There is no question that Hall desired to appeal and appellate counsel deficiently performed her duties. As repeated recently in *Smith v. State of Ohio Dept. of Rehabilitation & Corrections*, "[t]here is no doubt that there is a constitutional right to effective assistance of counsel during a direct appeal as of right . . . The stage of the proceedings at which Smith claims that his lawyer failed, and that appellate counsel's duties do not terminate the moment the Court of Appeals hands down its decision 'because a defendant is entitled to effective assistance of counsel on direct appeal, such an individual must be accorded effective assistance of counsel throughout *all* phases of that stage of the criminal proceedings.'" *Id.*, 463 F.3d 426, 433 (6th Cir. 2006) (citations omitted). There is no question that Ms. Robertson's performance was deficient on the initial direct appeal and her ineffectiveness was prejudicial to Hall.

1:04 CV 0052                                           6

What followed is that Hall attempted to prosecute a delayed appeal *pro se*.  The state appellate court denied leave to file a delayed appeal from the convictions in CR-328030 for drug abuse and drug trafficking (Exhibit L), but on the other hand, granted leave to file delayed appeal from the rape conviction in CR-326967 for an "appeal on the merits of the underlying conviction only" (Exhibit N).

In response, Hall filed a lengthy brief (Exhibit O), in which he presented two assignments of error- that the trial court abused its discretion in allowing illegally obtained evidence to be used against him at trial and secondly, that the trial court abused its discretion when it failed to afford him due process of law and equal protection against unlawful seizure of his personal property. ( Hall elaborated on the forfeiture claiming over $40,000.00 had been confiscated. primarily in gold jewelry.) The state appellate court reviewed those two assignments of error, only.  However, in the body of his brief Hall also argued in his brief that trial counsel failed to fully explain the specifics of the change of plea of guilty for a lighter sentence and that he was not told the true extent of the loss he would incur by such an agreement (Brief at 5, Ex. O).  Hall also contended that the plea bargain had been breached  (See Brief at 6-7, 26, Ex. O). He expended a great deal of effort arguing against the denial of the motion to suppress the videotape of the rape.  There was more than mere forfeiture issue.  Notwithstanding the arguments appearing in his lengthy brief, the state appellate court found on December 16, 1999 as follows:

> Defendant timely filed his notice of appeal and presents two assignments of error.  However, we need not address these assignments of error based on *State v. Kelly* (1991), 57 Ohio St.3d 127, where the Court held absent any showing that defendant was coerced or induced into making a plea, the effect of a plea of guilty following trial and before sentencing was to waive all

1:04 CV 0052 7

> appealable errors which might have occurred at trial including statutory speedy trial grounds. See, also, *State v. Acoft* (1992), 80 Ohio App.3d 765 and *State v. Barnett* (1991), 73 Ohio App.3d 244. Accordingly, defendant's two assignments of error are moot.

(Ex. R); and see *State v. Hall* 1999 WL 1206593 (Ohio App. 8 Dist.).

First of all, Hall had not filed a timely notice of appeal and secondly Hall had argued that he was induced or coerced into making a guilty plea due to ineffective assistance of trial counsel. It was apparent that the state appellate court limited its review strictly to the language used in Hall's two assignments of error and ignored arguments scattered in the remaining 29 pages of his brief. Because appellate counsel filed an untimely notice of appeal, Hall was left with pursuing a delayed appeal on his own, and due to Hall's poor presentation of his arguments, the state appellate court would not recognize his arguments challenging the plea bargain. As evidenced by the delayed appeal, Hall believed he could challenge denial of suppression hearing and trial counsel's ineffectiveness. Hall's claims of misadvice actually are supported by the record.[4]

---

[4] Trial counsel's erroneous advice was reinforced by the trial court itself.

THE COURT: Okay. I'm going to find you indigent and waive the mandatory fine with respect to amended Count Two in 328030.

Very well. Sir, you have an absolute right to appeal this case. We held a suppression hearing and determined that the motion would be denied.

*You have a right to appeal that or any other aspect of this case that the Court of Appeals permits appeals on.* If you are indigent, we can appoint counsel for you. If you are indigent, you can also have the transcript of the hearing typed up at State's expense and all of the appeals feels waived.

Is that your pleasure to appeal? Shall I declare you indigent for the purposes of appeal or no?

    THE DEFENDANT: Yes, ma'am. (emphasis supplied).

(Traverse Ex. A, TR. 91-92, ECF #15).

1:04 CV 0052                                            8

On March 15, 2000 Hall filed an Ohio App. Rule 26(B) "motion to reopen" (Exhibit A1). Hall included the transcript selection showing that he had been misled that he could enter guilty pleas and retain the right to challenge denial of the motion to suppress or any other aspect of this case on appeal. (See Ex. A1 Subex. B1 and Affidavit). Hall, though, erred by referring to Case No. 75386 in filing the Ohio App. R. 26(B) application to reopen. That was the case number assigned to the *pro se* delayed appeal. The correct case number should have been 70064. That was the case number assigned to Miss Robertson's untimely notice of appeal. (See Ex. E-F). The state appellate court ruled, "that an applicant who has acted *pro se* in a direct appeal is prohibited from raising a claim of ineffective assistance of appellate counsel through an application for reopening pursuant to App. R. 26(B)" (Ex. C1 pg. 2); and see *State v. Hall*, 2000 WL 680463 (Ohio App. 8 Dist. May 17, 2000).

Of course the state appellate court was mistaken in referring to direct appeal. A delayed appeal is not a direct appeal but is a collateral proceeding. See *Searcy v. Carter*, 246 F.3d 515, 516 (6th Cir. 2001), *Lopez v. Wilson*, 426 F.3d 339, 348 (6th Cir. 2005). Further, the state appellate court had denied Hall's request for court-appointed counsel on his delayed appeal (Traverse Ex. B, D, ECF #15). If that had been a direct appeal, then Hall would have been entitled to appointed counsel and the Sixth Amendment right to effective assistance of counsel on direct appeal. See *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L.Ed.2d 821 (1985); *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

1:04 CV 0052                                                          9

Despite the state appellate court's erroneous premise, the state appellate court did rely on the fact that Hall filed under the wrong case number. Consequently, Hall has yet to exercise an Ohio App. R. 26(B) application to reopen from the dismissal of the appeal initiated by Ms. Robertson in Case No. 70064 (Ex. E, F). [5]

Ohio App. R. 26(B) does have a 90-day time limitation, "unless the applicant shows good cause for filing at a later time." See App. R. 26(B)(1) and (B)(2)(b). The undersigned is not confident that Hall can show "good cause" under state precedent. In *State v. Williams*, instead of filing under his direct appeal, Williams filed his 26(B) application under the appeal taken from the denial of his state post-conviction review application. *Id.*, 74 Ohio St.3d 454, 659 N.E.2d 1253, 1254 (1996). The motion was denied as filed under the wrong case and was followed approximately three months later by an application to reopen filed in the correct case. The Ohio Supreme Court affirmed dismissal for untimeliness due to the delay occasioned by filing the motion in the wrong case, holding that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." *Id.*, 74 Ohio St. 3d 455, 659 N.E.2d at 1254. Similarly, in *State v. White*, a defendant filed his application to reopen on April 6, 1994 under the wrong case and refiled a second application to reopen on June 7, 1994. *Id.*, 73 Ohio St.3d 348, 642 N.E.2d 1020 (1995). The Ohio Supreme Court reasoned that the initial erroneously filed application was untimely filed and without good cause to excuse late filing. Thus the initial late filing did not toll the limitations period. Based on state precedent, it would appear that Hall has little if any chance after these many years of a state appellate

---

[5] While successive applications are not permitted, Hall would not be prevented from seeking to reopen the counseled direct appeal in Case No. 70064. Compare *State v. Peeples*, 73 Ohio St.3d 149, 150, 652 N.E.2d 717 (1995).

1:04 CV 0052                                        10

court finding good cause to excuse the untimely Ohio App. R. 26(B) application to reopen his 1996 appeal. However, this remedy nevertheless remains open to Hall, and consequently has not been exhausted.

Exhaustion of state remedies is linked to the jurisdictional requirements of federal habeas corpus review under 28 U.S.C. §2254. Since the court itself must police whether jurisdiction has been acquired, the court must on its own raise and consider the issue of exhaustion of state remedies. See *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986); *Clinksdale v. Carter*, 375 F.3d 430, 436-37 (6th Cir. 2004).

Before federal review of a state conviction can occur under §2254, a petitioner must exhaust all remedies available in state court. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 103 L.Ed. 380 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991); 28 U.S.C. §2254(b). This means that those issues submitted for habeas corpus review must be "fairly presented" to the state's highest court. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984); *Tuggle v. Seabold*, 806 F.2d 87, 91 (6th Cir. 1986); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). Only in this manner will the state courts have been provided with a fair opportunity to "pass upon and correct alleged violations of federal rights." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 888, 130 L.Ed.2d 865, 868 (1995). This basic principle has not been changed as a result of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). *E.g., Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 1621-22, 140 L.Ed.2d 849 (1998);

1:04 CV 0052                                             11

*Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002). Accordingly, "[f]ederal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004); *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

Hall, though need only exercise those state remedies still open to him at the time he filed his petition in federal court. See *Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979); *O'Sullivan v. Boerckel*, 576 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (petitioner must exercise discretionary state supreme court appeal). As 28 U.S.C. §2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

There is a state remedy under Ohio App. R. 26(B) "actually available" to Hall even though review is unlikely. This does not mean that the state procedure is either no longer "available," "ineffective" to protect Hall's rights, or its exercise would be "futile." See *Keener*, 594 F.2d at 584; *Lott v. Coyle*, 261 F.3d 594, 620 (6th Cir. 2001)( claim unexhausted but procedurally barred); *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971).[6]

---

[6] Hall's untimely Ohio App. R. 26(B) application to reopen appeal will not be procedurally defaulted until the state appellate court makes its determination whether "good cause" has been shown to excuse the delay. Hall is caught in a "Catch-22" situation where if the state court finds lack of good cause, this finding presents an adequate and independent state procural rule barring federal review. See *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002). However, until such ruling is made there is no "clear and express" reliance by the state court upon its own procedural rule that would serve as a basis for procedural default in federal court. See *Coleman v. Thompson*, 501 U.S. 722, 735-36, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). There is a chance, though, that the state court will allow the untimely application to reopen for resolution on its merit., and a federal court would certainly overstep its bounds should it presage the state appellate court's ruling.

1:04 CV 0052                                                                                               12

A petition, like this one, containing at least one ground which has not been "fairly presented" in state court is a "mixed petition" which either must be dismissed for failure to comply with the total exhaustion rule, or petitioner must be allowed to withdraw the unexhausted ground.  See *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Griffin v. Rogers*, 399 F.3d 626, 631-33 (6th Cir. 2005).  The total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief and consequently district courts must dismiss habeas corpus petitions containing both exhausted and unexhausted claims.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Collateral, to the second §2254 petition and the prior petition, there were and continue to be potential timeliness issues brought about by 28 U.S.C. §2244(d), should the petition be dismissed outright. Due to potential prejudice to this petition in the event it is dismissed,  a stay is a more appropriate method to deal with the matter.  See *Griffin v. Rogers*, 399 F.3d at 631; *Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002); *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2110, 150 L.Ed.2d 251 (2001) (Stevens, J. concurring).

### *CONCLUSION AND RECOMMENDATION*

Accordingly, it is recommended that  the case be closed pending motion to reopen following petitioner's exercise of state remedy on the unexhausted claim to the state courts within 30 days and return to the federal courts within 30 days of having exhausted his claim in state court, or in the alternative, that Hall be permitted to amend his petition within fifteen days so as to abandon his

1:04 CV 0052                                                                       13

unexhausted ground, and the case be returned to the undersigned for resolution of the exhausted grounds.

                                                          s/James S. Gallas
                                                  United States Magistrate Judge

     ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: November 15, 2006