UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID D. HALL, | ) | Case No. 1:04 CV 0052 |
| | ) | |
| Petitioner, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| JESSE WILLIAMS, WARDEN, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner David E. Hall (hereinafter Hall) was convicted in Cleveland, Ohio on October 30, 1995 following a plea agreement on state charges of rape, possession of criminal tools and drug abuse. He was sentenced to an indeterminate range of 8 to 25 years on the rape conviction and the remaining two convictions received concurrent 18-month sentences. In the previous report and recommendation filed on November 15, 2006 (ECF #19) it was recommended that either Hall amend his petition or that it be dismissed because it contained at least one unexhausted claim. On December 4, 2006 Hall moved to amend his petition and this motion was granted (See ECF #20, 21). This amended petition raises three grounds, unintelligently made and induced guilty plea, unlawful forfeiture of property and ineffective assistance of trial counsel (ECF #22). It deletes the originally filed fourth ground of ineffective assistance of appellate counsel (Compare Petition ECF #1). This amendment is a continuation of Hall's original petition filed for habeas corpus relief under 28 U.S.C. §2254 in Case No. 1:00 CV 2679, *Hall v. Haviland*. The procedural history of Hall's petitions was addressed in the November 15, 2006 report and recommendation (ECF #19) and is incorporated herein.

1:04 CV 0052                                                                 2

*Jurisdiction and Mootness:*

   Respondent points out that on January 10, 2007 when Hall filed his amended petition he was no longer incarcerated but had been released and was residing in Macon, Georgia. Respondent has included as an exhibit, State's Exhibit 2, evidencing Hall's final release from supervision issued by the Ohio Adult Parole Authority with a process date of June 16, 2006. Respondent contends that this court no longer has jurisdiction over Hall's habeas petition since the controversy has become moot.

   Article III, §2 of the United States Constitution authorizes the federal judiciary to hear "cases or controversies" so that when the parties lack a legally cognizable interest in the outcome, jurisdiction is lost. See *Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006). Consequently, "[f]or a federal court to have jurisdiction to grant a petition for writ of habeas corpus under §2254, a petitioner must be 'in custody pursuant to the judgment of a state court.'" *Steverson v. Summers*, 258 F.3d 520, 522 (2001); and see *Maleng v. Cook*, 490 U.S. 48, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

   While Hall was not "in custody" when he amended his petition, he nonetheless had been in custody when the petition was filed and the subsequent amendment merely deleting one of the original grounds for no nonexhaustion does not nullify Hall's prisoner status at the time it was originally filed. Hall has not filed a successive or subsequent petition, but merely amended the original.

1:04 CV 0052                                                  3

Amendment of a habeas petition is a matter independent from jurisdictional issues. Rule 11 of the Rules Governing §2254 Cases permits the Federal Rules of Civil Procedure to apply "to the extent that they are not inconsistent with any statutory provisions or these rules," and 28 U.S.C. §2242 permits amendment or supplementation "as provided in the rules of procedure applicable to civil actions." As such Rule 15 of the Federal Rules of Civil Procedure governs amendments, and the Supreme Court has in *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2862, 162 L.Ed.2d 582 (2005), drafted the contours of Rule 15(c)'s relation-back principle *vis-a-vis* the "1-year period of limitation" under 28 U.S.C. §2244(d)(1). The gist of *Mayle* is that an amendment that adds a ground requires scrutiny and may not relate-back, but there is nothing in *Mayle* that alters the long-standing rule allowing amendment to delete unexhausted grounds to enable review by the federal district court. "[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all his claims." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) quoting *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1178, 71 L.Ed.2d 379 (1982).

Further, Hall's case has not been rendered moot due to his release. Collateral consequences are presumed to stem from a criminal conviction even after release. See *Sibron v. New York*, 392 U.S. 40, 54-57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Carafas v. LaVallee*, 391 U.S. 234, 239-40, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); (no presumption of collateral consequences stemming from allegedly wrongful conviction when petitioner challenges propriety of parole revocation); *Gentry v. Deuth*, 456 F.3d at 693; *DePompei v. Ohio Adult Parole Authority*, 999 F.2d 138, 140 (6th Cir. 1993) (Supreme Court

1:04 CV 0052                                                   4

does not require actual existence of a specific collateral consequence); *Green v. Arn*, 839 F.3d 300 (6th Cir. 1988), *cert. denied* 48 U.S. 1034 (1989).[1] The case is not moot due to Hall's release.

*Procedural Default*

As explained in the prior report and recommendations, Hall's first two grounds alleging unintelligently made guilty plea and unlawful forfeiture of property were never timely appealed to the Ohio Supreme Court. Both arguments were presented by way of delayed appeal. Exhaustion requires a "fair presentation" of the grounds to the state's highest court to allow that court the opportunity to "pass upon and correct alleged violations of federal rights." See *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) and see *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 888, 130 L.Ed.2d. 865 (1995). Hall has not "fairly presented" his first and second grounds to the Ohio Supreme Court.

A peculiar type of procedural default arises where there has been no "fair presentation" of the ground to the state's highest court. The substance of the federal claims submitted for habeas corpus review must be "fairly presented" to the state's highest court because only in this manner will

---

[1] Respondent through his attorney Mark J. Zemba erroneously relies upon cases which have no bearing on the issues at hand. There is no dispute that Hall was "in custody" for purposes of 28 U.S.C. §2254, yet respondent refers the court to *Lillios v. State of New Hampshire*, 788 F.2d 60 (1st Cir. 1986), holding that fines and license suspensions were not "custody;" *Harts v. State of Indiana*, 732 F.2d 95 (7th Cir. 1984), holding that suspension of driving privileges was not "custody;" *Westberry v. Keith*, 434 F.2d 623 (5th Cir. 1970), holding that revocation of driver's license was not "custody;" *Wholey v. Brilhart*, 359 F.Supp. 539 (E.D. Va. 1973), holding order not to drive on the highways of Virginia for 10 years did not place petitioner "in custody" and *Ward v. Knoblock*, 738 F.2d 134 (6th Cir. 1984) distinguishing between "post-service" and "preservice" habeas cases where petitioner had fully served his state sentence. When Hall filed his petitions in cases 1:00 CV 2679 and this case, he was "in custody."

1:04 CV 0052                                       5

the state courts have been provided with a fair opportunity to pass upon and correct alleged violations of federal rights.  See  *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 888, 130 L.Ed.2d 865, 868 (1995); *Baldwin v.Reese*, 541 U.S. 27, 32-34, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

Failure to fairly present the federal ground to the state's highest court constitutes a procedural default or waiver barring federal habeas corpus review. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S.Ct. 1728, 1732-34, 144 L.Ed.2d 1 (1999)( "...the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," but unpresented claims were waived); *Teague v. Lane*, 489 U.S. 288, 297-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (14th amendment equal protection claim forfeited following exhaustion of state remedies and failure to raise claim to state courts); and  see  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 2546 (1991). The fair presentation principle further applies not only to those situations where the petitioner has failed to raise his claim to the state's highest court for review, but also where it has been presented, "in such a manner that the state court could not, consistent with its own procedural rules, have entertained it."  *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000).   The failure to present the federal ground to the state's highest court provided an adequate and independent state procedural rule to bar habeas review.  See *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied* - U.S. -, 126 S.Ct. 355, 163 L.Ed.2d 63 (2005).

1:04 CV 0052                                                    6

Hall incorrectly assumes that his motions for leave to file delayed appeal under Ohio Sup. Ct. Prac. R. II §2(A)(4)(a) were means to present his claims. They were not. As explained in *Bonilla v. Hurley:*

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup. Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup. Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.

*Id.* 370 F.3d 494, 497 (6th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004). Thus, denial of an Ohio S.Ct. Prac. R. II §2(A)(4)(a) motion for leave to file delayed appeal is not a ruling on any claim gratuitously included with the motion for leave. See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006).

Furthermore with respect to his third ground of ineffective assistance of trial counsel, the procedural history of Hall's state court activities do not indicate that this ground was ever presented or attempted to be presented to the Ohio Supreme Court. Ohio courts adhere to a rule requiring claims of ineffective assistance of trial counsel to be raised in most instances on direct review. See *Hicks v. Collins*, 384 F.3d 204, 211 (6th Cir. 2004); *Greer v. Mitchell*, 264 F.3d 663, 674 (6th Cir. 2001); *Lorraine v. Coyle*, 291 F.3d 416, (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000); and see *State v. Cole*, 2 Ohio St.3d. 112, 443 N.E.2d 169 (1982); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) (addressing Ohio's *res judicata*

1:04 CV 0052                                         7

rule).  New counsel was appointed on appeal so arguably Hall could not exercise the state post-conviction procedures under Ohio Revised Code §2953.21 et seq.  Compare *Buel v. Mitchell*, 274 F.3d 337, 448 n. 3 (6th Cir. 2001); *Combs,* 205 F.3d at 276-77.

As explained in his petition originally filed in this case (ECF #1), Hall contended that counsel failed to protect his right to personal property and right to have his motion to suppress heard on appeal and further for failing to advise him that the entry of guilty plea does not preserve his right to appeal his issues.  Even if the remedy of the state post-conviction petition were available, it is subject to a six month limitation which had long since expired.  See Ohio Revised Code §2953.21(A)(2).

A petitioner who has failed to meet the state's procedural rules for presenting his claims must demonstrate "cause" and "prejudice" to excuse the failure to present a constitutional claim to the state's highest court, or alternatively a fundamental miscarriage of justice -- federal review is barred. See *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 120 S.Ct. 1587, 1590-92, 146 L.Ed.2d 518 (2006); *House v. Bell*, -U.S.-, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971).  "Cause" is some "objective facts external to the defense" which impeded petitioner's efforts to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488, 492, 106 S.Ct. 2635, 2645-48, 91 L.Ed.2d 397 (1986).  "Prejudice" must be "actual prejudice" as a result of the alleged violation of federal law.  *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 2546 (1991); *Bousley v. U.S.*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Murray* v. *Carrier*, 477 U.S. at 489, 106 S.Ct. at

```
```

Case: 1:04-cv-00052-PCE Doc #: 25 Filed: 02/02/07 8 of 9. PageID #: 158

1:04 CV 0052                                   8

2646. Cause and prejudice are in the conjunctive and the failure to show cause terminates this analysis. See *Murray*, 477 U.S. at 497.

Further as *Murray v. Carrier* illustrates, ineffective assistance of counsel utilized as cause must also be "fairly presented" to the state courts, which it was not, and Hall has waived his claim of ineffective assistance of appellate counsel so that claim too cannot constitute cause. See *Edwards v. Carpenter*, 529 U.S. at 453-54; *Murray*, 477 U.S. at 489. Since Hall has no "cause" to excuse his procedural default, it becomes a matter of whether or not his conviction would constitute a fundamental miscarriage of justice. Given Hall's admission as evidenced by his guilty pleas, there is no question that his conviction comports with due process.

### *CONCLUSION AND RECOMMENDATION*

Following review of the arguments raised in the petition and applicable law, Davis E. Hall has not demonstrated that he was in custody pursuant to state court judgment that resulted from a decision that was contrary to or involved in an unreasonable application of federal law as determined by the Supreme Court of the United States, or is the result of a decision based on unreasonable interpretation of the facts in light of the evidence in this state court proceeding. See 28 U.S.C. §2254(d)(1) and (2). Moreover, Hall has shown no error resulting in denial of fundamental fairness

1:04 CV 0052                                                      9

or actual innocence of the petitioner. Finally, there has been no demonstrated need for an evidentiary hearing and it is therefore recommended that the petition for habeas corpus relief under 28 U.S.C. §2254 be denied and dismissed.

                                                                                          s/James S. Gallas
                                                                            United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: February 2, 2007